## LAKE UNION DRY DOCK & MACHINE WORKS v. UNITED STATES.
### No. 7569.

Circuit Court of Appeals, Ninth Circuit.
Dec. 20, 1935.

For former opinion, see 79 F.(2d) 802.

Raymond G. Wright, H. B. Jones, Robert E. Bronson, and Story Birdseye, all of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and John Ambler, Asst. U. S. Atty., both of Seattle, Wash., and Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

PER CURIAM.

The contract and bailment here controlling were "ordinary" within the holding of Swift v. Tyson, 16 Pet. 1, 18, 19, 10 L.Ed. 865; Black & White Taxicab, etc., Co. v. Brown & Yellow Taxicab, etc., Co., 276 U.S. 518, 526, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426. We know of no applicable state statute. Hence it is a matter of general law and not controlled by the decision of the Washington Supreme Court. However, we do not consider that such a fire as here shown brings the bailee within the exception to the prima facie case against it, claimed to be recognized by the Washington decisions.

The bailee's obligation, as such, was to cut loose the dry dock and vessel when it discovered the fire. That the vessel was returned damaged constitutes a prima facie case of negligence in the performance of its bailee duty, and the burden was upon it to show that its failure was not the proximate cause of the loss.

Petition denied.